UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER T. COOK and ALLISON C. COOK, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. CIV-25-1098-R |
| STATE FARM FIRE AND CASUALTY COMPANY, and MAINORD INSURANCE AGENCY, INC., | ) ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Plaintiffs have filed a Motion to Remand [Doc. No. 10] seeking to remand this case to the District Court of Oklahoma County. The motion is fully briefed [Doc. Nos. 12, 13] and at issue.

This case is but the most recent in a long line of cases asserting that an insurance agent has been fraudulently joined to a breach of insurance contract/bad faith case as a means to defeat diversity jurisdiction. As in those other cases, Plaintiffs allege they were the latest victim of State Farm's "systemic and pervasive Scheme" to underpay claims for storm damage. The scheme is allegedly the product of State Farm's "Wind/Hail Focus Initiative" and involves several bad faith claims handling tactics, such as utilizing a narrow definition of hail damage that is absent from the insurance policy and attributing storm damage to a non-covered cause. Plaintiffs were allegedly subjected to the scheme when State Farm's adjusters disregarded patent hail damage to their roof, pretextually denied the

1

claim, and wrongfully attributed the damage to improper installation, wear and tear, or age and deterioration. Plaintiffs assert claims against State Farm for breach of contract, breach of the duty of good faith and fair dealing, and constructive fraud/negligent misrepresentation.

Plaintiffs have also named the Mainord Insurance Agency, Inc. as a defendant and assert claims for negligent procurement of insurance and constructive fraud/negligent misrepresentation. But the allegations describing the specific conduct taken by the Mainord Agency are extremely limited. Plaintiffs include some generic marketing statements from the Mainord Agency's website and allege that the Mainord Agency renewed the policy after the State Farm agent that procured the initial policy retired. *See* Pls.' Pet. [Doc. No. 1-2] ¶¶ 5 n. 6, 17. Other than that, Plaintiffs do not allege any specific actions or statements by the Mainord Agency that might support their claims.

Instead, Plaintiffs rely on a set of allegations describing the role State Farm's "captive" insurance agents play in the scheme. Notably, the allegations are primarily premised on "inherent" or "implied" representations or omissions that agents purportedly make every time they market, bind, and sell a homeowner's policy. More specifically, Plaintiffs allege that they requested a replacement cost policy that would fully replace their roof in the event of a weather-related loss. The agent, through the act of procuring or renewing the policy, impliedly represented that the property met State Farm's underwriting guidelines, the replacement cost value the agent calculated was accurate, the property qualified for replacement cost coverage, and the policy covered "all fortuitous losses, including weather related damage." *Id.* ¶¶ 18-28. The agent allegedly made these

2

representations "recklessly and blindly" because the agent did not inspect or verify the condition of the property. *Id.* The agent also failed to disclose that the property was ineligible under State Farm's underwriting guidelines, the property had pre-existing damage that would exclude it from replacement cost coverage, and State Farm utilizes a narrow definition of hail damage and other bad faith tactics as part of its scheme. *Id.*

Although the Mainord Agency is a non-diverse defendant, State Farm removed the case, contending that the undisputed facts and law negate the possibility of any claim against the Mainord Agency, thus establishing fraudulent joinder. Plaintiffs seek remand, arguing that when contested issues of fact and law are resolved in their favor, State Farm cannot meet the heavy burden of establishing fraudulent joinder. The record in this case is similar to several cases where this Court concluded that the State Farm agent was fraudulently joined. *See, e.g., Barlow v. State Farm Fire & Cas. Co.,* No. CIV-25-44-R, 2025 WL 1139489 (W.D. Okla. Apr. 17, 2025); *Weichbrodt v. State Farm Fire & Cas. Co.*, No. CIV-25-360-R, 2025 WL 1848819 (W.D. Okla. July 2, 2025). As in those cases, the Court concludes that State Farm has met its burden of establishing that the Mainord Agency is a fraudulently joined defendant.

"To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (brackets and quotation omitted). Under the second prong, the removing party must show "that there is no possibility that plaintiff would be able to establish a cause of action against the joined party in state court." *Montano v. Allstate*

3

*Indem.*, 211 F.3d 1278 (10th Cir. 2000) (unpublished).[1] This standard "is more exacting than that for dismissing a claim under Fed.R.Civ.P. 12(b)(6)" and requires all factual disputes and all ambiguities in the controlling law to be resolved in the plaintiff's favor. *Id.*; *see also Dutcher,* 733 F.3d at 988. "[R]emand is required if any one of the claims against the non-diverse defendant…is possibly viable." *Montano*, 211 F.3d at *2.

Although removability is typically determined on the face of the pleadings, "upon specific allegations of fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Smoot v. Chicago, R.I. & P. R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967) (internal citation omitted). "This does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." *Id.*

First, State Farm has established that the negligent procurement claim asserted against the Mainord Agency lacks a basis in fact or law. Oklahoma law recognizes that an insurance agent has a "duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance." *Swickey v. Silvey Co.*, 979 P.2d 266, 269 (Okla. Civ. App. 1999). "This duty rests, in part, on specialized knowledge about the terms and conditions of insurance policies generally." *Rotan v. Farmers Ins. Grp. of Companies, Inc.*, 83 P.3d 894, 895 (Okla. Civ. App. 2004) (internal quotations marks and brackets omitted). An insurance agent can therefore be liable to the insured in negligence "if, by the agent's

---

[1] Unpublished decisions are cited for their persuasive value. *See* Fed. R. App. P. 32.1.

fault, insurance is not procured as promised and the insured suffers a loss." *Swickey*, 979 P.2d at 269. However, "the scope of the agent's duty to use reasonable care, skill, or diligence in the procurement of insurance" is limited to needs disclosed by the insured. *Rotan*, 83 P.3d at 895. Agents "do not have a duty to advise an insured with respect to his insurance needs" and "a general request for adequate protection and the like does not change this duty." *Id.* (internal quotation marks and brackets omitted). Thus, "[t]o discharge their duty to act in good faith and use reasonable care, skill, and diligence in the procurement of insurance, including use of their specialized knowledge about the terms and conditions of insurance policies, insurance agents need only offer coverage mandated by law and coverage for needs that are disclosed by the insureds, and this duty is not expanded by general requests for 'full coverage' or 'adequate protection.'" *Id.*

Plaintiffs allege they requested a policy that would provide full replacement cost coverage, without exclusion of any weather-related loss, but the policy procured was "illusory" and deviated substantially from what they requested. Putting aside the fact that the Mainord Agency did not originate the policy and the evidence in the record indicates that policy renewals occur automatically without the involvement of the agent, *see* Notice of Removal, ex. 13 [Doc. No. 1-13] ¶ 28, the allegations and undisputed evidence establish that Plaintiffs received the policy they requested, i.e. a replacement cost policy that provides coverage for any accidental direct physical loss, including weather related losses. *See* Pls' Pet. ¶ 31. Because Plaintiffs received the replacement cost policy they requested, they cannot possibly show that, "by the agent's fault, insurance [was] not procured as promised." *Swickey*, 979 P.2d at 269. Although Plaintiffs asserts that the coverage was

illusory, "[t]here is nothing in the policy delivered which implausibly limits its reach." *Marino v. State Farm Fire & Cas. Co.*, No. CIV-22-0885-HE, 2023 WL 11915691, at *3 (W.D. Okla. Aug. 7, 2023). Plaintiffs' damages flow from State Farm's allegedly improper interpretation of the policy and adjustment of the claim, not the agent's failure to procure the correct type of policy, type of coverage, or coverage limit. *See Hall v. State Farm Fire & Cas. Co.,* No. CV 25-00012-JD, 2025 WL 2905205, at *5 (W.D. Okla. Oct. 13, 2025) ("Accordingly, Plaintiff's damages flow from the adjuster's assessment of her property damage and State Farm's related denials, not from the type of coverage provided by the Policy."); *Stafford v. State Farm Fire & Cas. Co.,* CIV-25-08-HE (W.D. Okla. May 25, 2025) ("The fact that a claim under a policy is denied, or paid at a level less than that sought by the insured, does not, without more, render the policy illusory."); *Rain Drop Found., Inc. v. State Farm Fire & Cas. Co.,* No. 24-1101-D, 2025 WL 582562, at *4 (W.D. Okla. Feb. 21, 2025) (no viable claim against agent because "Plaintiff's alleged damages arose, not because of the type of insurance procured, but because State Farm refused to replace Plaintiff's roof"); *Steinkamp v. State Farm Fire & Cas. Co.,* No. CIV-22-00047-PRW, 2023 WL 11920886, at *2 (W.D. Okla. Sept. 29, 2023) (no viable claim against agent because "Plaintiff's claim against State Farm depends upon what damage her roof sustained, not the terms of her policy").

Second, State Farm has established that the constructive fraud/negligent misrepresentation claims asserted against the Mainord Agency are deficient. Oklahoma law defines constructive fraud as "any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, … by misleading another to his prejudice,

6

….." Okla. Stat. tit. 15, § 59(1). *See also Sullivan v. Wyndham Hotels & Resorts, Inc.,* No. 21-7003, 2021 WL 5822690, at *3 (10th Cir. Dec. 8, 2021) (explaining that negligent misrepresentation requires a material misrepresentation, a breach of a duty in making the misrepresentation, and reasonable reliance to the plaintiff's detriment). Such a duty "may arise if a party selectively discloses facts that create a false impression." *Specialty Beverages, L.L.C. v. Pabst Brewing Co.*, 537 F.3d 1165, 1181 (10th Cir. 2008) (applying Oklahoma law). "In other words, one conveying a false impression by the disclosure of some facts and the concealment of others is guilty of fraud even though his statement is true as far as it goes, since concealment is in effect a false representation that what is disclosed is the whole truth." *Id.* (internal quotation marks and brackets omitted).

Plaintiffs allege that the Mainord Agency made a number of "inherent" or "implied" representations through the act of renewing the policy but do not identify any affirmative statements regarding the coverage, condition of the property, or claims handling. Putting aside once again the evidence showing that agents are not involved in policy renewals, the Court "declines to conclude that a reasonable basis for a constructive fraud/negligent misrepresentation claim is an inherent or implied representation attendant to the issuance of an insurance policy." *Hall*, 2025 WL 2905205, at *6. "Contrary to [Plaintiffs'] suggestion, the Oklahoma cases do not support the idea that an agent is required to personally inspect a premises before renewing or binding a policy or that, merely by renewing or binding a policy, the agent impliedly or 'inherently' represents that no exclusions in the policy potentially apply or that a claim will be paid." *Dressel v. State Farm Fire and Casualty Co., et al.*, CIV-25-860-HE (W.D. Okla. Oct. 29, 2025) at 9.

7

Ultimately, Plaintiffs "have not alleged any factual allegations, and the record does not contain any evidence, of a partial disclosure by [the Mainord Agency], during any renewal of the insurance policy, which gave rise to a duty to speak and convey the information [Plaintiffs] assert should have been conveyed to them." *Id.* at 7.

Further, many of the allegedly implied misrepresentations or omissions do not have a causal connection to damages alleged here. State Farm issued Plaintiffs a replacement cost policy that provided coverage for hail damage. Thus, any alleged representations about the property's eligibility for coverage, satisfaction of the underwriting guidelines, or coverage values were either true or not the cause of Plaintiffs' loss. Additionally, although Plaintiffs repeatedly characterize State Farm's claim denial as premised on "pre-existing damage" that the agent failed to disclose, Plaintiffs' have not alleged that the Mainord Agency made any statements about the condition of the property. *See Hall*, 2025 WL 2905205, at *5. In any event, State Farm's allegedly incorrect determination that some of the claimed damage was actually wear and tear does not mean the coverage for storm related damage is negated. *See Wilder v. State Farm Fire & Cas. Co.*, No. CIV-25-00092-JD, 2025 WL 2918045, at *6 (W.D. Okla. Oct. 14, 2025) (rejecting constructive fraud claim against agent because "Plaintiff has not pled facts demonstrating pre-existing damage prevented full coverage under the Policy" where "Plaintiff's Policy provides coverage for losses related to wind or hail…, but the adjuster and State Farm determined hail damage did not merit full roof replacement related to the claim"); *Rain Drop Found.*, 2025 WL 582562, at *5 ("[P]urchasing a replacement cost policy does not mean that an insured is guaranteed that its claims will always be paid in full.") (quotation marks omitted).

8

State Farm has met its burden of showing that Plaintiffs are unable to establish a cause of action against the Mainord Agency for negligent procurement or constructive fraud/negligent misrepresentation. Accordingly, the Mainord Agency, Inc. is fraudulently joined and its citizenship must be disregarded for purposes of determining subject matter jurisdiction. The claims against this defendant are dismissed without prejudice and Plaintiffs' Motion to Remand [Doc. No. 10] is DENIED.

IT IS SO ORDERED this 2nd day of December, 2025.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE